Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000594
25-JUN-2013
08:28 AM

NO. CAAP-12-0000594

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


In the Matter of

ROBERT EARL BEEKMAN, ANDREA WILSON, AND
HAWAI'I STATE TEACHERS ASSOCIATION,
Appellants-Appellants,
and
LAUPAHOEHOE COMMUNITY PUBLIC CHARTER SCHOOL,
LAUPAHOEHOE ALUMNI/COMMUNITY ASSOCIATION,
LAUPAHOEHOE COMMUNITY PUBLIC CHARTER SCHOOL INTERIM
LOCAL SCHOOL BOARD (2011-029),
Appellants-Appellees/Appellees
and
THE BOARD OF EDUCATION, STATE OF HAWAI'I,
Agency-Appellee/Appellee
and
STATE OF HAWAI'I, CHARTER SCHOOL REVIEW PANEL,
Agency-Appellee/Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 12-1-0087)

MEMORANDUM OPINION
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

In this secondary administrative appeal, Appellants-
Appellants Robert Earl Beekman, Andrea Wilson, and the Hawai'i
State Teachers Association (collectively, Appellants) appeal from
the May 25, 2012 final judgment and order entered in the Circuit

Court of the Third Circuit[1] (circuit court) in favor of Appellees-Appellees Laupahoehoe Community Public Charter School; Laupahoehoe Alumni/Community Association; Laupahoehoe Community Public Charter School Interim Local School Board; the Board of Education, State of Hawai'i; and the State of Hawai'i, Charter School Review Panel (collectively, Appellees). The circuit court granted Appellees' motion to dismiss Appellants' appeal.

## I. BACKGROUND

In 2010, the Laupahoehoe Community Public Charter School (Charter School) began as a project to convert Laupahoehoe High and Elementary School (Laupahoehoe), then a Department of Education (DOE) school, to a public charter school. At the time, the governing law on public charter schools was contained in Hawaii Revised Statutes (HRS) Chapter 302B (2007 Repl.). The statute required DOE schools to submit a charter application and a detailed implementation plan (DIP) to the Charter School Review Panel (CSRP), which had the power to review, approve, or deny charter applications and significant amendments to DIPs. HRS § 302B-6 (2007 Repl.). On September 14, 2010, the CSRP notified the Charter School that its application had been reviewed and would be moving toward the next stage.

On May 31, 2011, the CSRP notified the Charter School's interim local school board[2] (Charter School ILSB) that its charter application had been denied based on several concerns. The Charter School ILSB appealed the CSRP's decision to the Board of Education (BOE) which, pursuant to HRS § 302B-3.5 (2007 Repl.), had the power to decide appeals from the CSRP's decision. The BOE issued a decision on August 3, 2011, reversing the CSRP's

---

[1] The Honorable Glenn S. Hara presided.

[2] HRS § 302B-6 required DOE schools establish an interim local school board which would serve as the governing body during the conversion process and would receive notifications from the CSRP regarding the charter application's status.

2

denial of the charter application and granting the request for the issuance of a charter.

After the BOE's decision, the CSRP advised the Charter School ILSB that certain assurances needed to be met before Laupahoehoe could begin operating as a charter school in the 2012-2013 school year. Among other things, the CSRP required that the Charter School elect a local school board. This pre-opening deadline was based on the Charter School's DIP, which had stated the Charter School ILSB would transition the school's governance to a local school board by September 2011. See HRS § 302B-7 (2007 Repl.) (requiring charter schools have a local school board that would act as the autonomous governing body of its charter school).

On October 24, 2011, the Charter School ILSB informed the CSRP that it could not meet the CSRP's deadline to complete the local school board election. It submitted a proposed amendment to the DIP that would allow it to delay the election to after the start of the 2012-2013 school year (no later than September 30, 2012). At a CSRP general meeting held on November 10, 2011, the CSRP decided that because of the Charter School's failure to hold an election, the conversion would not occur in the 2012-2013 school year, and Laupahoehoe would operate as a DOE school for that year. The CSRP accordingly informed the Charter School ILSB and the DOE of its decision.

The Charter School ILSB then filed two appeals to the BOE. The first appeal challenged the CSRP's denial of the DIP amendment of the election date. The second appeal challenged the CSRP's decision to withhold the conversion to charter school status for the 2012-2013 school year.

The BOE held a hearing on January 17, 2012, with the Charter School and the CSRP as the parties to the appeals. On January 24, 2012, the BOE issued a decision concluding for various reasons that the CSRP's denial of the DIP amendment was

3

erroneous. The BOE consequently reversed the CSRP's denial, concluded the second appeal was moot in light of its decision, and instructed the CSRP and the DOE to "use their best efforts to cooperate with [the Charter School] in the process of opening the charter school for the 2012-13 school year."

On February 23, 2012, Appellants (two teachers at Laupahoehoe and the Hawai'i State Teachers Association (HSTA)) filed an administrative appeal from the BOE's decision in the circuit court. On March 14, 2012, Appellees filed a joint motion to dismiss the appeal for lack of standing, and the circuit court held a hearing on the motion on April 18, 2012.

At the hearing's conclusion, the circuit court found Appellants had not participated in the agency proceedings from which they had filed their appeal. Nothing in the record indicated Appellants attended the BOE hearing, and Appellants did not argue this. Rather, Appellants relied on a letter which HSTA had sent to the BOE requesting to participate in the BOE's hearing. However, the record showed the BOE did not receive this letter until the day after the January 17, 2012 BOE hearing. Based on these facts, the circuit court determined Appellants had failed to participate in the BOE hearing and therefore lacked standing to appeal.

The circuit court entered its order granting Appellees' motion to dismiss and its final judgment on May 25, 2012, and Appellants filed a timely notice of appeal. On appeal, Appellants contend the circuit court erred in determining that Appellants did not participate in the proceeding and in dismissing the appeal.

## II. STANDARDS OF REVIEW

"It is axiomatic that mootness is an issue of subject matter jurisdiction. Whether a court possesses subject matter jurisdiction is a question of law reviewable *de novo*." Cnty. of Hawai'i v. Ala Loop Homeowners, 123 Hawai'i 391, 403-04, 235 P.3d

4

1103, 1115-16 (2010) (internal quotation marks and citation omitted).

## III. DISCUSSION

We conclude this appeal has been rendered moot by the occurrence of subsequent events. The mootness doctrine applies "where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal — adverse interest and effective remedy — have been compromised." Lathrop v. Sakatani, 111 Hawai'i 307, 313, 141 P.3d 480, 486 (2006) (quoting Wong v. Bd. of Regents, Univ. of Hawai'i, 62 Haw. 391, 394, 616 P.2d 201, 203-04 (1980)). The parties agree that after the circuit court entered its final judgment, Laupahoehoe began operating as a charter school for the 2012-2013 school year, and it currently has a governing board in place. Furthermore, in the 2012 legislative session, the Legislature repealed HRS Chapter 302B and replaced it with HRS Chapter 302D. See 2012 Haw. Sess. Laws Act 130, § 1 at 443.

None of the exceptions to the mootness doctrine apply. The first exception applies to government actions that are "capable of repetition, yet evading review." Hamilton ex rel. Lethem v. Letham, 119 Hawai'i 1, 5, 193 P.3d 839, 843 (2008). The second exception, the "public interest" exception, requires consideration of "(1) the public or private nature of the question presented, (2) the desirability of an authoritative determination for future guidance of public officers, and (3) the likelihood of future recurrence of the question." Id. at 6-7, 193 P.3d at 844-45.

Appellants contend the exceptions apply here because the issues presented in this case are likely to recur. If these issues arise again, however, they will arise under the new statutes in HRS Chapter 302D. Although Appellants claim HRS Chapters 302B and 302D are functionally identical, we disagree

5

and conclude the new statutes have substantively changed the law on these issues.

This appeal arose out of the CSRP's denial of the proposed amendment to the DIP changing the local school board election date. HRS Chapter 302D has removed all references to DIPs, however, and has replaced the DIP's role with "charter applications" to obtain charter school status and "charter contracts" that outline the parties' powers, duties, and performance expectations. See HRS § 302D-1 (Supp. 2012). Therefore, disputes regarding DIP amendments will not recur.

Also, under the new laws, applicants seeking to convert from a DOE school to a charter school are generally not allowed to amend charter applications. HRS § 302D-14(j) (Supp. 2012). Authorizers, which have replaced the CSRP's role, have the power to approve or deny charter applications and charter contract renewals or revocations only. HRS § 302D-5 (Supp. 2012); see also HRS § 302D-15 (Supp. 2012) (giving the BOE the power to decide appeals of authorizer decisions that "deny the approval of a charter application, deny reauthorization of a charter school, or revoke a charter school's charter."). Appellants have not shown that it is probable or even possible that issues presented here will recur under an authorizer's power to review charter applications or charter contracts.

Moreover, it is not necessary that this court make a decision regarding Appellants' standing for the guidance of future public officers. Standing requires an individualized, case-by-case inquiry, and as noted above, the circuit court based its decision on the specific facts of this case. Future cases will likely involve different circumstances and different interests, and any decision we render here would be hypothetical, with little or no application. Therefore, we do not review the circuit court's ruling on standing.

6

IV.   CONCLUSION

Based on the foregoing, we dismiss Appellants' appeal as moot.

DATED:   Honolulu, Hawaiʻi, June 25, 2013.

On the briefs:

Herbert R. Takahashi
Rebecca L. Covert
Davina W. Lam
(Takahashi & Covert)
for Appellants-Appellants.

Gary S. Suganuma
Holly T. Shikada
Deputy Attorneys General
for Agency-Appellee/Appellee
Board of Education, State of
Hawaiʻi.

Monica T.L. Morris
Caron M. Inagaki
Deputy Attorneys General
for Appellant-Appellee/Appellee
Laupahoehoe Community Public
Charter School.

Christopher P. Schlueter
for Appellant-Appellee/Appellee
Laupahoehoe Alumni/Community
Association.

Presiding Judge

Associate Judge

Associate Judge